# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AASIM NASH | : | |
| *Plaintiff* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-6209 |
| | : | |
| RICHARD TODD, *et al.*, | : | |
| *Defendants* | : | |

## M E M O R A N D U M

**QUIÑONES ALEJANDRO, J.**                                                                                     **DECEMBER 16, 2020**

This matter comes before the Court by way of a Complaint (ECF No. 2) brought by Plaintiff Aasim Nash, proceeding *pro se*. Before the Court is also Nash's *Application to Proceed In Forma Pauperis.* (ECF No. 1.) Because it appears that Nash cannot afford to pay the filing fee, Nash's application to proceed *in forma pauperis* is granted. For the following reasons, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.   FACTUAL ALLEGATIONS[1]

Nash filed his sparse Complaint against two Defendants, Richard Todd and "Correctional Office[r] Linn SCI Rockview Officer." (ECF No. 2 at 1.)[2] Nash alleges that the events giving rise to his claims occurred in "jail —street" in 1996 and 2003. (*Id.* at 3.) He claims he was "locked up and was later found not guilty." (*Id.* at 3.) Nash asserts that Defendant Todd "got elbowed playing basketball" and that six people saw "someone besides [Nash] elbow him." (*Id.*) Since the impetus for Nash's Complaint appears to be his incarceration based on criminal charges, it is

---

[1] The factual allegations set forth in this Memorandum are taken from Nash's Complaint and public dockets.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

possible this allegation about Nash elbowing Todd describes events that led to charges being filed against him. The only allegation against Defendant Linn is that Linn removed handcuffs from Nash "in the tray slot which cut [his] wrist" and for which he received a washcloth to stop the bleeding. (*Id.* at 3-4.) Nash seeks $200 million for his incarceration in connection with two cases. (*Id.* at 4.)

A review of public dockets in Pennsylvania's Unified Judicial System reveals that Nash was prosecuted for and convicted of various criminal offenses between 1996 and 2008. *See Commonwealth v. Nash*, CP-51-CR-0206701-1997 (C.P. Phila.) (Nash found guilty of aggravated assault and resisting arrest); *Commonwealth v. Nash*, CP-51-CR-0312211-1997 (C.P. Phila.) (Nash found guilty of terroristic threats and obstructing administration of the law or other government function, and found not guilty of intimidation of witnesses or victims on February 26, 1998); *Commonwealth v. Nash*, CP-51-CR-0206441-1998 (C.P. Phila.) (Nash found guilty of aggravated assault); *Commonwealth v. Nash*, CP-51-CR-0703151-1998 (C.P. Phila) (Nash pled guilty to aggravated assault); *Commonwealth v. Nash*, CP-46-CR-0003281-2008 (C.P. Montgomery) (Nash found guilty of two counts of aggravated assault, two counts of simple assault, and terroristic threats). It is not clear which of these prosecutions underlie Nash's claims.

## II.     STANDARD OF REVIEW

The Court will grant Nash leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires a court to dismiss a complaint if, among other things, the complaint fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations and generalized statements do not suffice to state a claim. *See Id.* Additionally, the court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) ("A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint."). As Nash is proceeding *pro se*, this Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

Given Nash's indication that he seeks to invoke this Court's federal question jurisdiction (*see* ECF No. 2 at 2), the Court construes his Complaint as raising claims for violations of his civil rights pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and/or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Nash's claims fail for the following reasons.

### A.   Claims Against Todd

As to Defendant Todd, nothing in the Complaint reflects that Todd is a state actor subject to liability under § 1983. Rather, the Complaint indicates that Todd was someone whom Nash elbowed during a basketball game. This allegation does not reflect that Todd was acting under

3

color of state law during the relevant events, nor does it support a claim that Todd violated Nash's constitutional or other rights. But even if Todd could be considered a state actor, the Complaint lacks any factual allegations to support a plausible claim based on Nash's arrest, prosecution and/or imprisonment.

To state a claim for false arrest and related false imprisonment under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. "False arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.'" *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016)). A plaintiff asserting a malicious prosecution claim must establish that "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009).

Nash has not alleged what crimes he was charged with as a result of his altercation with Todd or how probable cause was lacking for the arrest or charges in connection with which he claims to have been unlawfully imprisoned. He also has not alleged how Todd was involved in the alleged violation of his rights, as is necessary to state a claim against him. Absent any such

allegations, he has not stated a plausible claim against Todd.[3] He will, however, be given leave to amend this claim.

### B. Claims Against Linn

Nash's claims against Defendant Linn, a correctional officer at SCI-Rockview, are based on his removal of handcuffs from Nash in a manner that caused Nash's wrist to bleed.[4] The Court construes this as an Eighth Amendment claim for excessive force.[5] The Complaint does not, however, provide additional information about the circumstances giving rise to this incident but indicates that it occurred in either 1996 or 2003.

Pennsylvania's two-year statute of limitations applies to Eighth Amendment claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). Here, any excessive force claims accrued at the time Linn removed the handcuffs from Nash's wrist, which was either 1996 or 2003. *See LeBlanc v. Snavely*, 453 F. App'x 140, 142 (3d Cir. 2011) (*per curiam*) ("Claims for false arrest and assault (which would include LeBlanc's excessive force

---

[3] As discussed further, *infra*, Nash's claims are subject to a two-year statute of limitations. Nash's allegation that his claims are based on events that occurred in 1996 and 2003, coupled with the age of his criminal cases, suggests that his claims based on these events are likely time-barred. However, because the factual basis for these claims is so unclear, and because malicious prosecution claims do not accrue until the litigant achieves favorable termination, this Court cannot conclude at this point that Nash's claims are necessarily time-barred. *Randall v. City of Philadelphia Law Dep't*, 919 F.3d 196, 198 (3d Cir. 2019).

[4] SCI Rockview is located in the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(b). Although venue appears to be lacking over this claim, this Court will require Nash to replead before considering whether transfer is appropriate. *Id.* § 1391.

[5] The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Fourteenth Amendment governs claims filed by pretrial detainees. *See Hubbard v. Taylor*, 399 F.3d 150, 165-66 (3d Cir. 2005). The Complaint is silent as to Nash's status at the time of this incident, but his confinement at SCI Rockview suggests he was likely convicted and sentenced at the relevant time.

claim) typically accrue on the date of the arrest or the assault, because, at that point, the plaintiff has reason to know of the injury."); *see also Hickox v. Cty. of Blair*, 591 F. App'x 107, 110 (3d Cir. 2014) (*per curiam*) ("Hickox's cause of action accrued on November 13, 2010, the date on which he alleges he was injured by the defendants' actions."). As Nash did not file his Complaint until December 9, 2020, his claims are time-barred using either date of accrual. This Court will, therefore, dismiss this claim as time-barred. However, since the Complaint is lacking in factual specificity, and since the Court must afford Nash leniency as a *pro se* litigant, Nash will be permitted to amend this claim.

**IV.    CONCLUSION**

For the foregoing reasons, the Court will grant Nash leave to proceed *in forma pauperis* and will dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Nash will be given leave to file an amended complaint in the event he can state a plausible basis for a timely claim. An appropriate Order follows, which provides further instruction as to amendment.

*NITZA I. QUIÑONES ALEJANDRO*
*Judge, United States District Court*