# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AASIM NASH** | : | |
| *Plaintiff* | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 20-CV-6209** |
| | : | |
| **RICHARD TODD**, *et al.*, | : | |
| *Defendants* | : | |

# M E M O R A N D U M

NITZA I. QUIÑONES ALEJANDRO, J.                                                                          JANUARY 29, 2021

Currently before the Court is an Amended Complaint that Plaintiff Aasim Nash filed against Richard Todd, Jr. pursuant to 42 U.S.C. § 1983. For the following reasons, the Amended Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY[1]

Nash filed his initial Complaint against two Defendants, Richard Todd and "Correctional Office[r] Linn SCI Rockview Officer." (ECF No. 2 at 1.)[2] The facts in the Complaint were sparse. Nash alleged that the events giving rise to his claims occurred in "jail —street" in 1996 and 2003. (*Id.* at 3.) He claims he was "locked up and was later found not guilty." (*Id.* at 3.) Nash asserts that Defendant Todd "got elbowed playing basketball" and that six people saw "someone besides [Nash] elbow him." (*Id.*) Since the impetus for Nash's Complaint appeared to be his incarceration based on criminal charges, it seemed possible this allegation about Nash elbowing Todd described events that led to charges being filed against him. The only allegation against Defendant Linn was

---

[1]  The factual allegations set forth in this Memorandum are taken from Nash's pleadings and public dockets.

[2]  The Court adopts the pagination supplied by the CM/ECF docketing system.

that Linn removed handcuffs from Nash "in the tray slot which cut [his] wrist" and for which he received a washcloth to stop the bleeding. (*Id.* at 3-4.) Nash sought $200 million for his incarceration in connection with two cases. (*Id.* at 4.)

A review of public dockets in Pennsylvania's Unified Judicial System shows that Nash was prosecuted for and convicted of various criminal offenses between 1996 and 2008. *See Commonwealth v. Nash*, CP-51-CR-0206701-1997 (C.P. Phila.) (Nash found guilty of aggravated assault and resisting arrest); *Commonwealth v. Nash*, CP-51-CR-0312211-1997 (C.P. Phila.) (Nash found guilty of terroristic threats and obstructing administration of the law or other government function, and found not guilty of intimidation of witnesses or victims on February 26, 1998); *Commonwealth v. Nash*, CP-51-CR-0206441-1998 (C.P. Phila.) (Nash found guilty of aggravated assault); *Commonwealth v. Nash*, CP-51-CR-0703151-1998 (C.P. Phila) (Nash pled guilty to aggravated assault); *Commonwealth v. Nash*, CP-46-CR-0003281-2008 (C.P. Montgomery) (Nash found guilty of two counts of aggravated assault, two counts of simple assault, and terroristic threats). It was not clear which of these prosecutions related to Nash's claims.

In a December 16, 2020 Memorandum and Order, this Court granted Nash leave to proceed *in forma pauperis* and dismissed his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (ECF No. 4 & 5.) The Court dismissed Nash's claims against Todd because he failed to allege that Todd was a state actor, or state a plausible basis for a constitutional violation against Todd based on his arrest, prosecution, or imprisonment. (ECF No. 4 at 3-4.) The Court further dismissed Nash's claims against Linn as time-barred because the Complaint stated that those claims were based on

events that occurred in 1996 or 2003. (ECF No. 4 at 5.) However, Nash was given leave to file an amended complaint in the event he could state a plausible basis for a timely claim.

Nash's Amended Complaint only names Todd as a Defendant. (ECF No. 6.) The Amended Complaint, like Nash's initial Complaint, is sparse. Although unclear, the Court understands Nash to be alleging that Todd was responsible for his false arrest. Nash alleges that:

> [he] was arrested when Richard Todd used [his] named [sic] on government forms which is fraud in 1996 he started [Nash's] criminal history and others followed to 2020 year and counting.

(*Id.* at 5.) Nash appears to be alleging that he was falsely arrested in connection with allegations of a fight, but that he had not fought Todd since he was nine years old. (*Id.*) He claims mental injury and injuries based on having been in custody related to his mental health, and seeks $40 million in damages. (*Id.*)

## II. STANDARD OF REVIEW

As Nash is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Amended Complaint if, among other things, the Complaint fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations and generalized statements do not suffice to state a claim. *See Id.* Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) ("A complaint is subject to dismissal for failure to state a claim on statute of

limitations grounds only when the statute of limitations defense is apparent on the face of the complaint."). As Nash is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.  DISCUSSION

Nash has not stated a claim against Todd. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and/or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

As with the initial Complaint, nothing in Nash's Amended Complaint reflects that Todd is a state actor subject to liability under § 1983. It appears that Todd may have reported Nash's conduct to police, resulting in Nash's arrest. But, even under that liberal reading of the Amended Complaint, state action is not plausibly alleged. *See Baack v. Rodgers*, Civ. A. No. 14-875, 2014 WL 4632380, at *1, 3 (E.D. Pa. Sept. 17, 2014) (rejecting § 1983 false arrest claim against a hospital and two of its employees who filed a police report regarding plaintiff's conduct because "reporting suspicious conduct to the police — or answering police questions about that conduct — without more, does not transform the Hospital Defendants into state actors" (citations omitted)); *Collins v. Christie*, Civ. A. No. 06-4702, 2007 WL 2407105, at *4 (E.D. Pa. Aug. 22, 2007) ("[E]ven if Dr. Columbo intentionally provided the false information to the police, the plaintiff would still fail to state a claim under § 1983."); *O'Neil v. Beck*, Civ. A. No. 04-2825, 2005 WL 2030319, at *2 (M.D. Pa. Aug. 4, 2005) (concluding that allegations that a private citizen filed a false police report and wanted to see the plaintiff arrested are "simply insufficient" to establish

that the private citizen is a state actor for purposes of a claim brought pursuant to § 1983). Even if Todd could be considered a state actor, the Amended Complaint lacks any factual allegations to support a plausible claim based on Nash's arrest.

To state a claim for false arrest and related false imprisonment under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. "False arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.'" *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016)).

Nash has again failed to allege what crimes he was charged with because of Todd's conduct or how probable cause was lacking for the arrest or charges at issue. He also has not alleged how Todd was involved in the alleged violation of his rights, as is necessary to state a claim against him. Absent any such allegations, Nash has not stated a plausible claim against Todd.[3]

---

[3] It also appears that Nash's false arrest claim is time barred. Pennsylvania's two-year statute of limitations applies to these claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397. Nash appears to be raising a false arrest claim based on an arrest that occurred in 1996. The two-year statute of limitations on that claim has long since expired. That is so even considering Nash's allegation that he "was unable to get to the law library for 16 years." (ECF No. 6 at 5.)

## IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss Nash's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.  Nash will not be given further leave to amend because the Court concludes that further attempts at amendment would be futile.  The Motion for miscellaneous relief is denied.  An appropriate Order follows, dismissing this case.


*NITZA I. QUIÑONES ALEJANDRO*
*Judge, United States District Court*